IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 91 CR 53
                                 )
RUDY MARTINEZ,                   )
                                 )
          Defendant.             )

                 <u>MEMORANDUM OPINION AND ORDER</u>

     Nearly two decades have passed since this Court sentenced Rudy Martinez ("Martinez") in 1992 to a life term on his jury conviction for a continuing criminal enterprise offense -- and, importantly for purposes of Martinez' current motion, to a concurrent 330 month sentence on the same jury's conviction of Martinez for his role in a drug conspiracy. After a series of unsuccessful efforts to gain relief from the prison term that he is serving, Matinez has now come forward with a pro se filing that attacks his sentence (not his conviction) from another perspective. This memorandum opinion and order deals with what Martinez has labeled his "Motion To Correct Illegal Sentence under Fed. R. Crim. P. 35."

     Despite the passage of time, this Court recalls Martinez' case well. Imposition of any life sentence leaves a mark on the judicial psyche -- and here Martinez' sentence was triggered by the then-established concept (years before <u>Booker</u> taught otherwise) that the Sentencing Guidelines were mandatory with

limited exceptions, coupled with the fact that our Court of Appeals was among the least receptive to departures from those Guidelines.

Martinez' motion points to a United States Supreme Court decision handed down several years after he was sentenced: <u>Rutledge v. United States</u>, 517 U.S. 292 (1996) held that the type of offense on which his 330 month sentence was based (21 U.S.C. §846) was a lesser included offense of the continuing criminal enterprise crime (21 U.S.C. § 848) that resulted in his life sentence, so that the duality of sentences violated double jeopardy principles. To that end Martinez seeks to call into play this former provision of Fed.R.Civ.P. ("Rule") 35(a):

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

But that argument is fatally flawed. Indeed, the very thoroughness of Martinez' current submission, reviewing as it does much of the applicable caselaw, has failed to recognize that defect as exposed in <u>United States v. Jeffers</u>, 388 F.3d 289, 292 (7th Cir. 2004), one of the cases that Martinez himself cites:

> Jeffers' most recent effort to obtain relief took the form of a motion to correct his sentence pursuant to "old" Federal Rule of Criminal Procedure 35(a) -- that is, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987. ("The court may correct an illegal sentence at any time ....") In that motion, Jeffers contended that his life sentence on the CCE conviction is illegal under the Double Jeopardy Clause, as revealed by the Supreme Court's opinion in <u>Rutledge v. United States</u>, 517

2

U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). <u>Rutledge</u>
held what the plurality in <u>Jeffers</u> had assumed 20 years
earlier: § 846 conspiracy is a lesser included offense of §
848 CCE. <u>Id</u>. at 300, 116 S.Ct. at 1247. Consequently, a
defendant cannot be cumulatively punished for violating both
§ 846 and § 848, because for purposes of the Double Jeopardy
Clause, these two statutes proscribe the same offense. See
<u>id</u>. at 297, 116 S.Ct. at 1245. The Court held that dual
convictions under these two statutes amount to improper
cumulative punishment even where (as in <u>Rutledge</u>) the
sentences imposed are identical and concurrent, if for no
other reason than the special assessment that federal law
requires be imposed on each conviction. Id. at 301-03, 116
S.Ct. at 1247-48.

As that <u>Jeffers</u> explanation says at the outset, the quoted version of Rule 35(a) was inapplicable to offenses committed after November 1, 1987. And as this Court's retained copy of Martinez' Presentence Investigation Report reflects, after enumerating the eight counts on which the jury found Martinez guilty[1]:

The offense conduct occurred from July 1988 to January 20, 1991.

No part of Rule 35 that was in force when Martinez committed his offenses or has been in force since that time, thus barring any relief for Martinez despite the teaching of <u>Rutledge</u>. Hence Martinez' current motion must be and is denied.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge
Date: December 20, 2010

---

[1] Martinez was found not guilty of Count Seven, alone among the nine counts in which he was charged.

3